UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| L & A TRAIL, INC. | CIVIL ACTION NO. 07-0439 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| HAUGHTON TIMBER CONTRACTORS, INC. | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. # 7**, referred to me by the district judge for report and recommendation. This is a suit for timber trespass and damages filed in state court in Natchitoches Parish, Louisiana and timely removed to this court by defendant. In the notice of removal, defendant asserted that plaintiff's "cause of action and basis for ownership interest in the property originates under 16 U.S.C. §1247(d) and the National Trails Act of 1983, thus giving rise to a federal question pursuant to 28 U.S.C. §1331." It further asserts that the state law claim "rises or falls on the interpretation or application of federal law", the National Trails Act[1].

Plaintiff moves to remand arguing that plaintiff's claims arise under the Louisiana Timber Code and not under federal law.

---

[1] The National Trails Act, sometimes referred to as the "rails to trails" act, has as its stated purpose to preserve former rail corridors for recreation, parks and forests now and for potential future transportation use.

Analysis

Plaintiff's petition, filed in state court, alleges that plaintiff owns property in Natchitoches Parish and that defendant unlawfully entered onto the property and conducted timber operations, including removing plaintiff's timber and damaging the land so that it cannot be used for, among other things, recreational purposes. Plaintiff seeks damages including penalties for what it alleges was an intentional violation. No answer has been filed so the court is unaware of what defenses may be asserted by the defendant.

Here the defendant, who asserts federal jurisdiction, has the burden of establishing it. Federal courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. In determining whether a case arises under federal law, the court looks at whether the "plaintiff's well-pleaded complaint raises issues of federal law." City of Chicago v. Int'l College of Surgeons, 118 S. Ct.523 (1997). The plaintiff's well pleaded complaint, not the removal petition, must establish that the case arises under federal law. Willy v. Coastal Corp., 855 F.2d 1160, 1165 (5th Cir. 1988). That a defense might invoke federal law is irrelevant to the determination.

A complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States. Howery v Allstate Insurance Co., 243 F.3d 912 (5th Cir.

2

2001). The complaint also creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation fo the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. Id.

In this case, plaintiff makes no express mention of federal law in its complaint. Therefore, federal question jurisdiction exists in this case only if defendant can show that a federal right is an essential element of the claim, interpretation of the federal right is necessary to resolve the case, and the question of federal law is substantial.

I find that a federal right is not an essential element of the case, interpretation of a federal right is not necessary to resolve the case and, in any event, there is no substantial question of federal law presented.

Plaintiff's claim is a simple one--a claim for damages for the state law tort of timber trespass. See Versai Management, Inc. v. Monticello Forest Products Corp., 479 So.2d 477 (La. App. 1st C. 1985). Defendant argues that plaintiff's ownership rights "wholly depend" on this court's interpretation of the Rails to Trails Act. Contrary to defendant's assertions, however, it is not necessary to interpret federal law in order to determine whether defendant unlawfully went upon plaintiff's property and cut timber and damaged the land. The fact that plaintiff's title derives pursuant

3

to the National Trails Act is of no moment. In order to prove its case, plaintiff will merely have to show that it owns the land and that defendant trespassed. Versai, supra. In proving ownership plaintiff is not required to show title good against the world, but only that it has a better title than the alleged trespasser. Union Sawmill Co. V. Arkansas Southeastern R. Co., 49 So. 173 (1909); Pope v. Daniel, 195 So. 59 (La. App. 1st C. 1940); The Pure Oil Company v. Skinner, 294 So.2d. 797 (1974); Davis v. Crown Zellerbach Corp., 351 So.2d 833 (La. App. 1st C. 1977). The character of the title granted under the federal statute will be a peripheral issue at best.

Defendant cites, in a footnote, the case of Louisiana-Pacific Corporation v. Texas Dept. of Transportation, 43 F. Supp 708 (E.D. Texas 1999) in support of federal jurisdiction. To the extent that the holding in Louisiana-Pacific differs from my recommendation here, I respectfully recommend that the district judge decline to follow it, the decision in Louisiana-Pacific not having been analyzed according to the 5th Circuit's direction in Howery (decided after Louisiana-Pacific). Similarly, the case of Good v. Skagit County, 17 P.3d 1216 (Wash. App. 2001), which relied on Louisiana-Pacific, is equally unavailing and in any event dealt with allegations of a taking, not a timber trespass.

Defendant also argues that the plaintiff's claim is preempted by federal law. Complete preemption is an exception to the well-

4

pleaded complaint rule and applies where a field of state law is completely preempted by federal law. <u>Hart v. Bayer Corp.</u>, 199 F.3d 239 (5th C. 2000). The mere fact that a federal law might apply or even provide a defense to a state law cause of action, however, is insufficient to establish federal jurisdiction. Rather, "[i]n complete preemption a court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a federal defense to the application of state law; rather, it replaced the state law with federal law . . .". <u>Id.</u>, at 244.

Here there is no evidence that Congress intended to substitute a federal cause of action for the state law tort of timber trespass. Therefore, the exception of complete preemption is inapplicable. That the state court judge, in determining "better title" might possibly have to refer to federal law to determine the extent or quality of plaintiff's land title does not convert the cause of action to a federal one.

Because plaintiff's well-pleaded complaint does not assert a federal cause of action, no substantial federal question is an essential element of the claim which must be resolved, and the applicable state law is not preempted, federal question jurisdiction does not exist.

Therefore, IT IS RECOMMENDED that this case should be remanded to the state court for further proceedings.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6th day of June, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE