

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| L & A TRAIL, INC. | CIVIL ACTION NO. 07-0439 |
|---|---|
| -vs- | JUDGE DRELL |
| HAUGHTON TIMBER CONTRACTORS, INC. | MAGISTRATE JUDGE KIRK |

### R U L I N G

Before the Court is defendant Haughton's motion to remand (Doc. # 7) as well as the magistrate judge's report and recommendation (Doc. # 17) and Haughton's objection thereto (Doc. # 18). Following a hearing in open court on July 13, 2007, we adopt the magistrate judge's report and recommendation for the reasons stated therein and those below.

Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001), cited by the magistrate judge, explains some of the history of federal question jurisdiction and then summarizes the status quo as follows:

> [A] complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States. . . . [T]he complaint also creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. Ultimately, whether a federal issue embedded in the matrix of a state law claim will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interest at stake . . . .

Id. at 917 (footnote omitted).

This case involves a state law timber trespass claim between Louisiana citizens—nothing more. Plaintiff L & A Trail's complaint does not raise a federal claim and does not even mention the basis for its property interest in the land. Thus, it does not state any "claim created by the Constitution or laws of the United States." Haughton, urging removal under federal question jurisdiction, 28 U.S.C. § 1331, points out that L & A Trail obtained title to a right of way on the land through a quitclaim deed from Kansas City Southern Railway Company "issued in accordance with the terms of Section 8(d) of the National Trails Systems Act, 16 U.S.C. § 1247(d)." (Doc. # 16-1). Haughton's argument essentially is that because the title was issued pursuant to a federal statute, L & A Trail's state law claim based on that title implicates an important federal interest and thus gives rise to federal question jurisdiction. We are not convinced that the federal interest is sufficiently impacted in this case.

Under the alternative three-part test for federal question jurisdiction articulated in Howery, no jurisdiction exists if even one of the factors is absent. Here, we are not convinced that the question of federal law is substantial. The underlying timber trespass claim does not appear to us to implicate the stated goals of 16 U.S.C. § 1247(d): to establish trails, "to preserve established railroad rights-of-way for future reactivation of rail service, to protect rail transportation corridors, and to encourage energy efficient transportation use." Put another way, while the interpretation of the quitclaim deed with respect to a state law timber trespass action may affect the parties in this case significantly, it will not affect a significant federal interest. Since the quitclaim deed is

the only possible basis for federal question jurisdiction, and there is no diversity here, we must conclude that we have no jurisdiction.

The state court is well able to interpret the quitclaim deed, even though it may involve the interpretation of federal law. Indeed, the federal statute in this case may not affect the analysis at all. The National Trails System Act, 28 U.S.C. § 1247(d), contemplates an ordinary transfer of rights with respect to the transferee, with the railroad company transferor gaining under the Act the benefit of maintaining the railroad right of way indefinitely for possible future relocation or use by a railroad. Thus, as far as the transferee is concerned, this is hardly different from an ordinary transfer, and the transferee appears to get no greater rights than the transferor had. These are state law issues only.

## CONCLUSION

For the foregoing reasons, the motion to remand (Doc. # 7) will be GRANTED, and this suit will be REMANDED to the Tenth Judicial District Court, Natchitoches Parish, Louisiana.

SIGNED on November 21, 2007 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE